**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GIFTBOXCENTER, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> PETBOX, INC. and PETBOX HOLDINGS, LLC, <br><br> *Defendants*. | Civil Action No. 15-4390 (JMV) (JBC) <br><br> **OPINON** |

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on Plaintiff Giftboxcenter, LLC's motion for default judgment against Petbox, Inc. and Petbox Holdings, LLC (collectively "Defendants"). The underlying dispute concerns the trademark protection of the marks PETBOX and PET GIFT BOX. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

I.   **Background & Procedural History**

Defendants' Answer and counterclaims were stricken pursuant to this Court's Order adopting Judge Clark's Report and Recommendation; the relevant facts are taken from Plaintiff's Amended Complaint ("Am. Compl.").[1] D.E. 8, 36, 39. Plaintiff is a New Jersey corporation that operates online sending of themed gift boxes, including pet gift boxes, to customers. Am.

---

[1] The Court accepts the facts as stated in the Amended Complaint for the purposes of a default judgment. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011).

Compl. at ¶11. Plaintiff markets its product under the name PETGIFTBOX and through its website, www.petgiftbox.com. *Id.* at ¶6. Defendants operated a similar business to Plaintiff, under the names PETBOX and GETPETBOX, through its website, www.getpetbox.com. *Id.* at ¶7. Defendant Petbox, Inc. is a Delaware corporation that operates out of California. Defendant PetBox Holdings, LLC is a Georgia limited liability corporation. *Id.* at ¶8. Defendants notified Plaintiff via email that all trademark rights held by Petbox, Inc., were assigned to PetBox Holdings, LLC, in June 2015. *Id.* Plaintiff refers to both Defendants as "Pet Box" in the Amended Complaint.

Plaintiff registered the domain name www.petgiftbox.com on July 13, 2012. *Id.* at ¶11. In August 2014, Plaintiff attempted to register the mark PETGIFTBOX with the United States Patent and Trademark Office ("USPTO"), but the application was rejected on November 21, 2014, as the mark was "merely descriptive," *i.e.* the mark only described the service offered by Plaintiff. *Id.* at ¶13.

In July 2013, Defendant Petbox, Inc. filed two applications with the USPTO: one for their "PETBOX" logo, and a second intent-to-use application for GETPETBOX to use as its domain name, www.getpetbox.com. *Id.* at ¶17. The logo consisted of the word PETBOX in such a form that the "o" was designed to appear as an animal's paw. *Id.* at ¶14. For the application to proceed, the USPTO required Defendant Petbox, Inc. to disclaim use of the words PET and BOX because they were merely descriptive marks. *Id.* at ¶17. Thereafter, the application was granted for both the domain name and the logo on October 28, 2014. *Id.* at ¶18.

In June 2015, Defendant Petbox, Inc.'s attorney sent Plaintiff a letter, accusing Plaintiff of trademark infringement and stating that "[i]f [Defendants] were forced to pursue this matter in court . . . it would be entitled to an injunction and to recover the profits that you make using the

design mark that you have adopted, treble damages, and attorneys' fees." *Id.* at ¶20. On June 25, 2015, Plaintiff filed this action for a declaratory judgment and followed with an Amended Complaint on September 10, 2015. D.E. 1, 8. Defendants filed an Answer on September 14, 2015 and asserted counterclaims against Plaintiff for trademark infringement, false designation, and unfair competition. D.E. 9. Plaintiff answered Defendants' counterclaims on October 4, 2015. D.E. 11.

Thereafter, Defendants stopped communicating with its lawyers, who then filed motions to withdraw. *See* D.E. 23, 29, 33. Plaintiff indicates that as of late 2015, Defendants' websites and operations no longer appeared functional. *See* D.E. 13, 16. Defendants also indicated that they no longer wished to continue to litigate this matter. *See* D.E. 36, 39. On March 10, 2017, the Court, by adopting the Report and Recommendation of Judge Clark, granted Plaintiff's request to strike Defendants' Answer, dismiss their counterclaims with prejudice, and ordered the Clerk to enter an order of default against Defendants. *See id.* The Clerk then entered default on March 10, 2017. On March 15, 2017, Plaintiff field a motion for default judgment against both Defendants. D.E. 40, 41. Plaintiff, however, did not submit a brief in support of its motion, claiming that "no significant legal argument is made in connection with this motion." *See* D.E. 41 at pg. 4. The Court disagreed, and on June 21, 2017, the Court denied the motion without prejudice, ordering briefing on the relief requested. D.E. 43. On July 23, 2017, Plaintiff submitted its brief in further support of the motion for default judgment. D.E. 45.

II. **Analysis**

A. **Standard of Review**

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters*

*Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

### i. Subject Matter Jurisdiction

"Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] claim arises under federal law if federal law creates the cause of action." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 706 (2006) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010).

Plaintiff filed this action under federal trademark law, 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338, asking for a declaration that they have not violated Defendant's trademark rights. Although Plaintiff claims that the Court also has diversity jurisdiction, they do not address the amount in controversy. *See* Am. Compl. at ¶3. Nevertheless, the Court has federal question subject matter jurisdiction because of federal trademark law.[2]

### ii. Personal Jurisdiction

Defendants have appeared in this case, filed an Answer, and asserted counterclaims. D.E. 9. Defendants also admitted to personal jurisdiction in its Answer, stating that "[t]his Court has

---

[2] The Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, does not confer subject matter jurisdiction on the Court; there must be an independent basis of federal subject matter jurisdiction to obtain a remedy under the Act. *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017).

5

personal jurisdiction over the parties," and did not contest jurisdiction in any subsequent appearance. *Id.* at ¶6. Thus, the Court finds that, at a minimum, Defendants consented to the Court's personal jurisdiction.

### iii. Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Philadelphia*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985)). Defendants, as entities, may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Defendants appeared by their counsel, Riker, Danzig, Scherer, Hyland & Perretti LLP, on September 8, 2015. D.E. 6. Defendants also answered the Amended Complaint, asserted counterclaims, and litigated this matter for a short period of time. After defense counsel withdrew, copies of documents have been sent via registered mail, return receipt Defendants' last known address. *See* D.E. 37, 38, 42, 44. The Court finds that Defendants were properly served.

## C. Sufficiency of Causes of Action and Damages

The Amended Complaint requests eight separate claims for declaratory relief:

1. A declaration that Pet Box does not own a valid trademark, or have any legitimate interest or rights in the name "PETBOX";

2. A declaration that Pet Box has no legal basis to prevent others from using names that include the words "pet" and "box";

3. A declaration that Gift Box Center's past and ongoing connection with the name "PETGIFTBOX" and Gift Box Center's logo do not constitute infringement of Get Pet Box's trademark rights under 15 U.S.C. §1114(1);

4. A declaration that Gift Box Center's past and ongoing conduct in connection with the name "PETGIFTBOX" and Gift Box Center's logos as set forth herein, do not constitute false advertising under 15 U.S.C. §1125(a);

5. A declaration that Gift Box Center's past and ongoing conduct in connection with the name "PETGIFTBOX" and Gift Box Center's logo do not violate any of Pet Box's rights under any federal statute, state statute, or common law;

6. A declaration that Pet Box is not entitled to any injunctive relief against Gift Box Center's use of the name "PETGIFTBOX" or Gift Box Center's logo;

7. A declaration that Pet Box is not entitled to recover any monetary damages as a result of Plaintiff Gift Box Center's past and ongoing conduct in connection with the name "PETGIFTBOX" or Gift Box Center's logos;

8. An order directing Pet Box to pay Gift Box Center's attorneys' fees and costs.

*See* Am. Compl. at p. 12-13.

Plaintiff seeks only declaratory relief. The Declaratory Judgment Act allows any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a).

To state a claim for trademark infringement under 15 U.S.C. §1114(1), and false advertising under 15 U.S.C. §1125(a), a plaintiff must show: "(1) it has a valid and legally protectable mark; (2) it owns the mark and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000). The Court finds that Plaintiff has shown that Defendants do not have a cognizable case for trademark infringement or false advertising under the Lanham Act. As to Defendants' logo, Defendants were required to disclaim use of the words PET and BOX because they were merely descriptive marks. In addition, Plaintiff's logo is not likely to

cause consumer confusion because it uses a pet's paw in a gift box that is placed in between the words PET and GIFTBOX. By comparison, Defendants' PETBOX logo is one word with the "o" being formed as an animal's paw. Finally, Plaintiffs have sufficiently shown that its PETGIFTBOX is not likely to cause confusion when compared with Defendant's GETPETBOX.

### D. Default Judgment

"Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

The first factor favors Plaintiff. Plaintiff originally brought this matter because Defendant accused Plaintiff of infringement and threatened legal action. Defendants' position could reflect a potential meritorious defense. However, because Defendants have abandoned this matter, and its Answer and counterclaims have been stricken, the Court has no information indicating that Defendants did in fact possess a meritorious defense. As to the second prong, Defendants have not pursued any legal action against Plaintiff and have stated they no longer wish to litigate this matter. It also appears that Defendants' websites are no longer functional. Nevertheless, Defendants did threaten Plaintiff with litigation, so if Plaintiff was not granted relief, it could face prejudice as to potential future litigation. The third factor also weighs in favor of default, as Defendants initially appeared in this action, but have failed to appear or defend themselves for almost two years. Moreover, because this matter arose due to Defendants threatening Plaintiff with legal action, Defendants have no excuse in failing to defend.

### E. Remedies

Plaintiff's eight requests for declaratory relief are extremely broad. In fact, because of the scope of the requested relief, and because Plaintiff has the burden of proving its entitlement to such relief, the Court ordered Plaintiff to submit briefing to support its position. D.E. 43. While Plaintiff did submit a brief in response, the brief unfortunately provides very little legal support for the requested relief. D.E. 45 at pg. 15-16. In fact, the "basis" for each category of relief, for the most part, indicates why Plaintiff wants such relief but does not provide legal authority showing that Plaintiff is entitled to such relief. *Id.* As a result, the Court grants Plaintiff's third and fourth requests, as they pertain directly to the issues in this case. In other words, as to PETGIFTBOX and Plaintiff's logo, Plaintiff is not infringing on Defendants' trademark rights and Plaintiff's actions do not constitute false advertising. Plaintiff's fourth request, however, is limited to Defendants. Similarly, the Court grants Plaintiff's relief in requests six and seven (as to injunctive relief and monetary damages), but only as to the declaratory relief granted in the third and fourth requests.

The Court denies the first request because the USPTO did grant Defendants' application while at the same time requiring Defendants' to disclaim use of the words PET or BOX. The Court denies the second request (1) because it is overbroad in that it does not merely apply to Plaintiff ("to prevent *others*") and (2) because it is not limited to the words PET and BOX but to any names that merely "include" those words. The Court denies the fifth request because Plaintiff's Amended Complaint does not substantively address "any federal statute, state statute or common law[.]" In addition, the Court denies the foregoing requests collectively because Plaintiff has failed to provide the court with legal authority supporting the requests.

As to the eighth request, attorney's fees, Plaintiff does refer to the statute and two cases. Plaintiff first cites *E.A. Sween Co., Inc. v. Deli Exp. Of Tenafly, LLC*, 19 F. Supp. 3d 560 (D.N.J.

2014). In *E.A. Sween*, the court made clear that awarding attorneys' fees is only appropriate in "exceptional cases" where there has been a "finding of willfulness." *Id.* at 578 (internal citations omitted). As the court in *E.A. Sween* noted, the "Third Circuit has indeed held that a 'district court must make a finding of culpable conduct on the part of the losing party, such as bad faith, fraud, malice, or knowing infringement before a case qualifies as 'exceptional.'" *Id.* (quoting *Ferrero U.S.A., Inc. v. Ozak Trading, Inc.*, 952 F.2d 44, 47 (3d Cir 1991)). In *E.A. Sween*, the defendant continued using the mark that was successfully registered and owned by the plaintiff after the defendant was notified of the registrations, and after the defendant told plaintiff that it had stopped using the mark. *Id.* No such similar conduct has been shown here. Plaintiff also cites to *Gen Nutrition Inv. Co. v. Gen. Vitamin Centers, Inc.*, in which the defendants continued to use a mark after receiving a cease-and-desist letters from the plaintiffs. 817 F. Supp. 2d 66, 74-75 (E.D.N.Y. 2011). Again, Plaintiff does not demonstrate analogous conduct in this case. The Court declines to make a finding of willfulness bases on the record before it. As a result, the Court denies Plaintiff's request for fees and costs.

## II. Conclusion

For the reasons stated above, and for good cause shown, Plaintiff's motion for default judgment is **GRANTED** in part and **DENIED** in part. An appropriate Order accompanies this Opinion.

Dated: February 5, 2018

_____
John Michael Vazquez, U.S.D.J.